927 F.2d 597
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Gainey COOPER, Defendant-Appellant.
 No. 90-5761.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 4, 1990.
Decided March 1, 1991.
As Amended June 3, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. W. Earl Britt, District Judge. (CR-89-37-3)
 Edwin Chrisco Walker, Assistant Federal Public Defender, Raleigh, N.C., argued for appellant; William E. Martin, Federal Public Defender, Raleigh, North Carolina, on brief.
 Richard Hancock Moore, Assistant United States Attorney, Raleigh, N.C., argued for appellee; Margaret Person Currin, United States Attorney, Raleigh, N.C.; on brief.
 E.D.N.C.
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 Before DONALD RUSSELL and K.K. HALL, Circuit Judges, and STAMP, United States District Judge for the Northern District of West Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 John Cooper ("Cooper") was charged in a three-count indictment with breaking into three different Post Offices on different dates. Cooper pleaded guilty to counts one and two; the third count was dropped as part of a plea bargain. At the sentencing hearing, the district court assigned three criminal history points for a conviction for breaking into cars and larceny that occurred when Cooper was sixteen years old. The district court also granted an upward departure by adding two offense levels, so that rather than a forty-one to fifty-one month range, the range applied was from fifty-one to sixty-three months. Finally, the district court fined Cooper $40,000, the maximum under the guideline range. The court held that even though there was evidence that Cooper did not have the resources to pay the fine, he had not demonstrated financial inability to the probation officer as he was required to do by section 5E1.2(f) of the Sentencing Guidelines.
 
 I.
 
 2
 On August 2, 1989, Cooper was charged with breaking into several Post Office buildings. Court-appointed counsel was provided to Cooper on the basis of a financial affidavit that Cooper executed on August 8, 1989. In his financial affidavit, the defendant asserted he was unemployed, did not own any property, had $12 in cash and debts of $7,400. On August 22, 1989, Cooper was indicted, apparently in a superseding indictment, for three counts of breaking into three different Post Office buildings.[1] Cooper pleaded guilty to the first two counts of the indictment, and the third count was dismissed pursuant to a plea agreement.
 
 
 3
 Prior to sentencing the probation officer prepared a pre-sentence report. In the report, the probation officer stated that he could not accurately assess Cooper's ability to pay a fine because Cooper refused to submit financial data and would not execute release forms necessary for the officer to conduct an independent investigation of Cooper's financial status.
 
 
 4
 On January 22, 1990, the sentencing hearing was held. At the hearing, the district court assigned three criminal history points for a prior conviction that occurred when Cooper was sixteen years old and granted an upward departure by adding two offense levels. In making the upward departure, the court took into account several facts. One of the considerations was that the plea agreement resulted in a guideline range lower than that which would have resulted if the Government had not dismissed count three.
 
 
 5
 Finally, the district court fined Cooper $40,000. Cooper asserted that he was indigent and, thus, could not pay a fine. However, as proof of his indigence, Cooper merely submitted the bare financial affidavit he had submitted earlier as a basis for the appointment of counsel for him. He offered no evidence of facts that would support the assertions of indigence in the affidavit. He also refused to sign a waiver to enable the probation officer to verify his assertions. While the court noted that the affidavit tended "to indicate in some fashion that Cooper was destitute," it found that Cooper's financial condition could not be determined because of his refusal to cooperate with the probation officer. Because of this failure, the district judge imposed as part of his sentence the full fine provided under the statute. Cooper then filed this appeal.
 
 II.
 
 6
 On appeal Cooper's assertions of error focused on three actions by the district court: (1) the imposition of a $40,000 fine; (2) the assignment of criminal history points for a prior conviction; and (3) the decision to depart upward two offense levels.
 
 
 7
 Cooper first argues that the imposition of a $40,000 fine was contrary to the exception found in section 5E1.2(a) of the United States Sentencing Guidelines (U.S.S.G.) because Cooper had indicated an inability to pay a fine. Cooper further asserts that the court's refusal to rely on his financial affidavit as evidence of his inability to pay violated his due process rights and satisfied his burden to establish inability to pay, thereby shifting the burden of contradiction on the Government. Cooper also alleges error in that the district court did not make any findings of fact consistent with 18 U.S.C. Sec. 3572(a) before it determined whether a fine should be imposed and the amount of the fine. Second, Cooper asserts that the district court erred when it assigned criminal history points for a conviction obtained when he was only sixteen years old. Finally, Cooper argues that the plea agreement should not have been taken into account in making an upward departure in the guideline range. Cooper argues that the court's decision to depart upward two offense levels was unreasonable and constituted an abuse of discretion.
 
 A.
 
 8
 Section 5E1.2(a) of the Sentencing Guidelines requires imposition of a fine "except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." Cooper submitted a financial affidavit without any supporting data when he applied for court-appointed counsel. Cooper subsequently refused to submit any supporting financial data to the probation officer or, in the alternative, to sign release forms to allow the probation officer to make an independent investigation of Cooper's financial status. Cooper's refusal was based on the advice of appointed counsel.
 
 
 9
 We agree with the Government that Cooper's affidavit of indigence, filed as a basis for the appointment of counsel to defend him, was insufficient to satisfy the burden imposed on him under the statutes and Guidelines. But Cooper's failure to respond to the probation officer's inquiries about his financial condition or to provide authorization for the officer to procure such information was not the result of obduracy or perverseness on his part. Cooper's failure was due to the advice given him by his court-appointed counsel and not by reason of any determination made by him on his own part. Counsel so conceded in his oral argument in this court. His advice to Cooper was said to have been based on two assumptions: First, counsel assumed that the affidavit of indigency filed by Cooper in connection with his request for court-appointed counsel and the acceptance of such affidavit as a basis for his appointment to represent Cooper amounted to a judicial validation of Cooper's financial indigence and any further proof of Cooper's indigency was unnecessary; and, second, it is always unwise and imprudent for a criminal defendant to provide any statement to the authorities since an unwary defendant may well make some incriminating statement unnecessarily. Of course, this advice--certainly the first part of it--was faulty. But this advice from his court-appointed counsel prompted his failure to cooperate with the probation officer and this failure on his part appears to have been in turn the cause for the maximum fine imposed by the district judge, who not improperly seems to have taken the position that in the face of such unexplained obduracy on the defendant's part he had no basis for exercising restraint in the imposition of a fine but that it was his duty under the appropriate statute to impose the maximum fine. We do not fault this reasoning of the district judge. But, on the other hand, it does appear unfair that Cooper should be penalized so harshly for his failure to cooperate when that failure was due to the advice of his court-appointed counsel who in our opinion acted in good faith, however inaccurately, in giving Cooper advice required by his obligation under his appointment to protect his (Cooper's) best interests. Under the unique circumstances of this case, we feel the appropriate action on our part--one that will ultimately avoid other litigation on this matter--is to remand this part of Cooper's sentence to the district court for re-sentencing at which time Cooper will have another opportunity to correct his mistake taken on advice of counsel not to supply specific information on his financial condition, past, present and anticipated. The fine as imposed by the district court is accordingly vacated and the amount of the fine to be imposed under Cooper's guilty plea is to be reconsidered by the district court on the basis of the showing which Cooper shall affirmatively make of his financial condition, past, present and anticipated, at the rehearing.
 
 B.
 
 10
 The Sentencing Guidelines require the addition of three points to a defendant's criminal history score if the defendant (1) was convicted as an adult and (2) received a sentence of imprisonment exceeding one year and one month. U.S.S.G. Sec. 4A1.2(d)(1). Cooper argues that it was error for the district court to assign criminal history points for a conviction obtained when he was only sixteen years old because he was sentenced as a committed youthful offender under N.C.Gen.Stat. Secs. 148-49.10 to 49.16.
 
 
 11
 We find, however, no error in the district court's determination that Cooper was convicted as an adult. First, in North Carolina, sixteen year olds are recognized as adults. N.C.Gen.Stat. Sec. 7A-517. Second, as the district court observed, a sentence under the youth offender statutes is an adult sentence. There is a clear distinction between convicting a defendant in a juvenile proceeding and convicting a defendant as an adult, but choosing the option of sentencing him under the youthful offender statutes. Status as a youthful offender merely affects the way the defendant is treated once placed in prison.
 
 C.
 
 12
 Finally, Cooper finds error in one of the factors that the district court considered in arriving at an upward departure. The court noted it was "going to depart upwardly from the sentencing guideline range for three separate and distinct reasons." Memorandum of Sentencing Hearing and Report of Statement of Reasons at 4. First, the court decided that it should consider Cooper's confessions to four Post Office burglaries in addition to the two Post Office burglaries to which he had pleaded guilty. One of these burglaries was charged in the count that was dismissed as part of Cooper's plea bargain.
 
 
 13
 Second, the court felt that Cooper's criminal history category did not adequately reflect the seriousness of his past crimes or the likelihood of his committing future crimes. In support of this observation, the court noted that Cooper had been convicted, after the Post Office break-ins, of assault with a deadly weapon and obstructing a public officer. The court also noted that Cooper's criminal history points totalled twenty-one, which is eight above the minimum for category VI. Each of these first two reasons was a proper basis for an upward departure.
 
 
 14
 The final reason given for the upward departure was "that the plea agreement entered into in this case resulted in a guideline range lower than that that would have resulted had the government not dismissed count 3 of the indictment." Id. Cooper argues that this consideration was improper in making an upward departure because the court had already considered the seriousness of the conduct in the dismissed charge when it accepted the plea bargain.
 
 
 15
 We need not decide whether this final consideration was proper because the first two reasons given are sufficient to justify the upward departure. Cooper points out, however, that one of the four break-ins to which he confessed was also contained in the dismissed count. This argument ignores the broad latitude granted to a trial court in examining prior conduct. The Sentencing Guidelines state that "[i]n determining ... whether a departure from the guidelines is warranted, the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law." U.S.S.G. Sec. 1B1.4. The commentary to that section states that this information can also be used to determine the extent of a departure from the Guidelines. Thus, the Guidelines establish a broad range of information that the trial judge may consider in deciding whether to depart and the extent of the departure.
 
 
 16
 An example in the Commentary to section 1B1.4 demonstrates the wide latitude granted to the trial judge. The example concerns a defendant charged with two robberies. The commentary states that if the defendant pleads guilty to only one robbery as part of a plea bargain, the court may still take into consideration the second robbery. Thus, the commentary indicates that even criminal conduct referred to in dismissed charges may be considered during sentencing.
 
 III.
 
 17
 The judgment of the district court is affirmed except for the imposition of a fine in the statutory maximum by the district court which, under the unusual circumstances of this case, we feel warrants re-examination by the district court. For that reason, the cause is remanded in order that the district judge may, after providing the defendant an opportunity to correct his error in failing to cooperate with the probation officer in connection with the establishment of his indigency, determine the proper fine to be imposed on the defendant under his plea; otherwise, the judgment below is affirmed.
 
 
 18
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED
 
 
 
 [1]
 Count one charged Cooper with breaking into a Post Office building in Fayetteville, North Carolina on July 16, 1989; count two, a Post Office building in Autryville, North Carolina on July 13, 1989; and count three, a Post Office building in Hope Mills, North Carolina on July 14, 1989